IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GODFREY GARCIA, | § | |
|     Petitioner | § | |
| | § | |
| VS. | § | C.A. NO. C-05-349 |
| | § | |
| DOUG DRETKE, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE–INSTITUTIONAL DIVISION, | § | |
|     Respondent | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Institutional Division, ("TDCJ-ID"), and currently is incarcerated at the Wayne Scott Unit in Angleton, Texas. Proceeding *pro se,* petitioner filed this petition on July 8, 2005, calling it a motion for a writ of mandamus rather than a petition for habeas corpus relief. Petitioner challenges the affirmative finding of a deadly weapon in his case, arguing that the finding affects his eligibility for parole (D.E. 1). Respondent filed a motion to dismiss on September 22, 2005 to which petitioner responded on October 17 and October 21, 2005 (D.E. 13, 15).

## BACKGROUND

Following a jury trial, petitioner was convicted on March 20, 1996 in the 105th District Court of Nueces County, Texas, of two counts of aggravated sexual assault and sentenced to 60 years incarceration in TDCJ-ID. Ex Parte Garcia, App. No. 36,267-02 at Clerk's Summary Sheet[1]. Petitioner filed a direct appeal and his conviction was affirmed. Garcia v. State, No. 13-96-128-CR (Tex. App.--Corpus Christi July 10, 1997, no writ)(not designated for publication). Petitioner filed an application for writ of mandamus in the Texas Court of Criminal Appeals

---

[1] The state court records are located at D.E. 16.

asking that the trial court be made to prepare and deliver the state's exhibit in the underlying cause so that he could perfect his appeal brief. The application was denied without written order. Ex Parte Garcia, App. No. 36,267-01. Petitioner next filed an application for habeas corpus relief in state court and the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court on September 23, 1998. Ex Parte Garcia, App. No. 36,267-02 at cover.

On November 18, 1998 petitioner filed an application for writ of habeas corpus in federal court and it was denied on July 18, 1999. Ex Parte Garcia, No. 98-CV-516 (S.D. Tex. Aug. 18, 1999). Petitioner filed another state application for habeas corpus relief on March 28, 2000 and it was dismissed as successive on June 28, 2000. Ex Parte Garcia, App. No. 36,267-03 at cover. Petitioner filed a second application for habeas corpus relief in federal court on August 4, 2000 and it was summarily dismissed as successive. Ex Parte Garcia, No. 00-CV-309 (S.D. Tex. Sept. 26, 2000).

Petitioner next filed three applications for writ of mandamus in state court, all of which were denied by the Texas Court of Criminal Appeals. Ex Parte Garcia, Apps. No. 36-267-04, -05 and 06. Petitioner then filed a third application for habeas corpus relief in federal court and it was denied in part with prejudice, and in part without prejudice so that petitioner could seek permission from the Fifth Circuit to file a second or successive petition. Garcia v. Johnson, No. 02-CV-06 (S.D. Tex. July 4, 2002). This petition was filed July 8, 2005 (D.E. 1).

Respondent does not waive the exhaustion requirement, but argues that petitioner's application should be dismissed as successive. Petitioner counters that he has not filed a successive petition and is not challenging his underlying conviction. Rather, he seeks an order of

2

mandamus from this court directing the state court judge to hold a new punishment hearing in his case (D.E. 1, p. 18).

## APPLICABLE LAW

**A.  Mandamus or Habeas Corpus?**

Petitioner is adamant that he is not filing a successive petition for habeas corpus but rather is seeking a writ of mandamus to order the state trial court to reverse his conviction and remand his case for a new punishment hearing.  Mandamus is an extraordinary remedy and to obtain a mandamus order, one must show (1) a clear right to the relief; (2) a clear duty by the respondent to do the act requested; (3) the lack of any other adequate remedy.  Davis v. Fechtel, 150 F.3d 486, 487 (5th Cir. 1998)(citing In re Stone, 118 F.3d 1032, 1034 (5th Cir. 1997)).

Petitioner is challenging the sentence he received at his sexual assault trial.  In Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the Supreme Court held that Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement and it is the exclusive remedy where clearly appropriate.  Habeas corpus was available to petitioner and his abuse of the writ did not render it unavailable or inadequate.  Davis, 150 F.3d at 488.  Accordingly, he should have brought his claim as a habeas action.  Nevertheless, a petitioner's pleading, even though styled as a petition for writ of mandamus, may be construed liberally and treated as one for writ of habeas corpus. Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973).  Petitioner's pleading will be construed as a habeas corpus action under 28 U.S.C. § 2254[2].

---

[2]Even if petitioner's claim for relief were construed as an application for writ of mandamus, he would not be entitled to the relief he seeks.  Federal courts have no general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought.  Lamar v. 118th Judicial District Court of

**B.  Second or Successive**

The enactment of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996)("AEDPA") made it "significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims."  Graham v. Johnson, 168 F.3d 762, 772 (5th Cir. 1999), cert. denied, 529 U.S. 1097, 120 S.Ct. 1830, 146 L.Ed.2d 774 (2000).  Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application.  "Indeed, the purpose of [§ 2244(b)] was to eliminate the need for the district courts to repeatedly consider the challenges to the same convictions unless an appellate panel first found that those challenges had some merit."  United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000)(citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)).

A petition is "second or successive" if it raises a ground that was or could have been raised in an earlier petition, or if it otherwise constitutes an abuse of the writ.  United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000).  Petitioner has filed three applications for habeas corpus relief in this court and all have been denied or dismissed.  Petitioner could have raised his challenge to the affirmative finding of a deadly weapon in his first application.  Accordingly, his current petition is successive.

This court lacks jurisdiction over a habeas action that is second or successive.  See Key, 205 F.3d at 774; Hooker v Sivley, 187 F.3d 680, 681-82 (5th Cir. 1999).  A review of the three previous habeas cases filed by petitioner shows that he has not presented the issue raised herein in

---

Texas, 440 F.2d 383, 384 (5th Cir. 1971).

any of his earlier petitions. Because petitioner has not shown any authorization from the United States Court of Appeals for the Fifth Circuit to file this petition, as required by § 2244(b)(3)(A), it should be dismissed without prejudice to re-filing if proper authorization from the Fifth Circuit is obtained.

## B. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000)(emphasis added). It is unnecessary to decide

whether petitioner has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is, reasonable jurists could not disagree that this petition is successive, and he must first seek permission of the Fifth Circuit Court of Appeals to file it. Accordingly, petitioner is not entitled to a COA.

## RECOMMENDATION

Based on the foregoing, it is recommended that respondent's motions to dismiss (D.E. 11) be granted, that petitioner's motion for leave to file a petition for writ of mandamus (D.E. 7) be denied, and that petitioner's cause of action for habeas corpus relief be dismissed without prejudice because it is successive. It is further recommended that in the event petitioner seeks a Certificate of Appealability that it be denied.

Respectfully submitted this 14th day of December, 2005.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).