IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GODFREY GARCIA, § | | |
|     TDCJ-CID #746871 § | | |
|               Petitioner, § | | |
| V. § | | C.A. NO. C-05-349 |
| § | | |
| DOUG DRETKE, § | | |
|               Respondent. § | | |

## MEMORANDUM AND RECOMMENDATION
## TO DENY PETITIONER'S MOTION FOR NEW TRIAL

Pending is Petitioner's Motion for a New Trial (D.E. 27). For the reasons discussed below, it is respectfully recommended that the motion be denied.

### I. Background

On July 8, 2006, petitioner filed this petition, challenging his sentencing in state court and seeking as mandamus relief a new sentencing hearing (D.E. 1). The petition was construed as a habeas corpus petition filed pursuant to 28 U.S.C. § 2254 and dismissed without prejudice as a successive petition because petitioner failed to obtain consent from the Fifth Circuit Court of Appeals to file it (D.E. 17, 23, 24). On February 14, 2006, petitioner filed a notice of appeal (D.E. 25), and a motion for new trial (D.E. 27).

### II. Discussion

Any motion asking the Court to revisit its judgment filed within ten days of entry is considered made pursuant to FED. R. CIV. P. 59(e). Days v. Johnson, 322 F.3d 863, 865 n.3 (5th Cir. 2003) (per curiam); Bass v. Department of Agriculture, 211 F.3d 959, 962 (5th Cir. 2000); Fletcher v. Apfel, 210 F.3d 510, 511 (5th Cir. 2000). In this case, final judgment was entered on February

8, 2006 ( D.E. 24).  Petitioner filed his motion for a new trial on February 14, 2006, within ten days of entry of final judgment, and is considered properly under Rule 59(e).

"A Rule 59(e) motion is a motion that calls into question the correctness of a judgment.  Rule 59(e) is properly invoked 'to correct manifest errors of law or fact or to present newly discovered evidence.'" In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002) (quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)).

In his motion for a new trial, petitioner failed point to newly discovered evidence, and failed to make any argument calling into question the correctness of the judgment dismissing his petition for failure to obtain permission from the Fifth Circuit Court of Appeals to file a successive petition. Instead petitioner asks the court to rule on the merits of his habeas claims.  But the merits of his petition are not properly before the court and cannot be addressed until he obtains permission from the Fifth Circuit.  28 U.S.C. § 2244(b)(3)(A).  Petitioner's motion fails.

### III.  Recommendation

Petitioner has failed to establish manifest errors of law or fact or present newly discovered evidence as required in a Rule 59(e) motion.  Accordingly, it is respectfully recommended that Petitioner's motion to amend  (D.E. 27) , be denied.

Respectfully submitted this 7th day of April, 2006.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).